257 P.2d 391

**ELLISON v. INDUSTRIAL COM-MISSION et al.**

No. 5748.

Supreme Court of Arizona.

May 18, 1953.

A. L. Maltby, of Phoenix, for petitioner.

Donald J. Morgan, of Phoenix, Perry M. Ling, Robert E. Yount and Robert W. Pickrell, Phoenix, of counsel, for Industrial Commission.

WINDES, Justice.

Louise Ellison, herein designated petitioner, in September, 1945, sustained a personal injury by accident arising out of and in the course of her employment. On December 15th of that year, an award was made by the Industrial Commission, herein designated commission, granting her compensation for total temporary disability to date of the award. On petition for rehearing, this award was rescinded in July,

1946. After various treatments and hearings, the commission on February 9, 1948, made findings that petitioner was entitled to accident benefits until February 3d, and to compensation for temporary total disability through January 25th, and awarded her such conpensation in the sum of $3,108.-94. In due time, a petition for rehearing was filed upon the ground that the petitioner was still suffering from her injuries and requested the matter be opened for the introduction of additional evidence to that effect. Hearing was had thereon and the commission made an order, dated May 18, 1948, that the last-mentioned award be affirmed and petitioner take nothing by reason of her application for rehearing. In May, 1951, petitioner filed with the commission another application for readjustment or reopening of her claim, which was denied with the finding that there was no medical evidence to indicate applicant was suffering any additional or undiscovered disability attributable to the injury. Rehearing was sought and denied. Another application to reopen and readjust was filed in June, 1952, and this likewise was denied wtih findings and an award dated June 30, 1952, affirming the original award of February 9, 1948. On August 16, 1952, petitioner filed what is designated claimant's report on her disability and demand for payment of compensation from January 25, 1948, this being the date temporary disability compensation was terminated under the award of February 9,

1948. The commission denied this application upon the ground, among others, that it had no jurisdiction to grant the same. On application of petitioner, certiorari issued.

From the foregoing it will be seen that since the award in February, 1948, and the affirmance thereof in May, 1948, there have been applications by petitioner for readjustment, which have been denied with findings that there was no additional or undiscovered disability. From none of these actions of the commission was an appeal taken.

■ The effect of petitioner's final application, which is in the form of a report on her physical condition and a demand for allowance of compensation since the commission terminated the same in 1948, is an attempt to test the legality of the commission's actions, without compliance with the provisions of Section 56–972, A.C.A. 1939. We have consistently held that when an award is made and no appeal is taken within the time prescribed by the statute, the same becomes final and cannot be questioned thereafter as to facts then established. Stephens v. Miami Copper Co., 59 Ariz. 528, 130 P.2d 507; Beutler v. Industrial Commission, 67 Ariz. 72, 190 P.2d 918.

■ Petitioner contends that the award made approximately five years ago and subsequently affirmed more than once was not intended as a final award but that the compensation was terminated merely as a method of treatment. It is true that a reading of the record discloses that some

of the medical evidence submitted at that time expressed the opinion that the petitioner's ailment was merely psychological and a cessation of benefits might have a good therapeutic effect, but the award as made is unconditional, and we cannot, nor can the commission, search the evidentiary basis of an award five years of age and say that it is incorrect.

The award is affirmed.

STANFORD, C. J., and PHELPS, LA PRADE, and UDALL, JJ., concurring.