414 P.2d 436

**Robert A. LEAKE, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona and J. A. Bridges (J. A. Bridges, Painting Contractor), Respondents.**

**1 CA–IC 46.**

Court of Appeals of Arizona.

May 23, 1966.

Thomas J. Croaff, Jr., Phoenix, for petitioner.

Robert K. Park, Chief Counsel, by Joyce Volts, Phoenix, for respondents.

CAMERON, Judge.

This is a writ of certiorari to review the action of the Industrial Commission in refusing to grant a petition for rehearing of an industrial claim. We are called upon to determine whether the petition for rehearing was timely filed.

The facts necessary for a determination of this matter on appeal are as follows: In January of 1956, petitioner was injured in the course of his employment and his claim was accepted by the Commission and compensation paid. On 11 September, 1956, the Commission issued its finding and award for temporary disability, no protest was made, and the matter was closed.

Claimant's first petition for reopening or readjustment of claim was filed in January, 1957. Pursuant to that petition a medical consultation was authorized and two hearings were granted claimant in July and

November of 1957. Before the Commission could issue an award based upon these hearings, the petitioner filed a suit in Maricopa County Superior Court against his employer. The suit suspended all proceedings in the Commission for some eight months. In September of 1958, summary judgment for the defendant was ordered in the Superior Court action. After request for current medical evidence and extensions of time which petitioner ignored, the Commission issued an award on 16 July, 1959, denying reopening of the claim and ordering the case closed.

Within 30 days another petition to reopen was filed, containing as evidence in support of said petition, a letter from a medical doctor based on an examination of claimant on 14 August, 1958, or more than a year before the petition. The Industrial Commission on 4 September, 1959, issued its findings and award denying reopening of claim, finding in part:

"(1). That no new additional or recent medical evidence, allegations or reports are tendered or presented in support of said allegations according to the rules and statutes in such case."

Thereupon followed three petitions to reopen, each followed by awards of the Commission which in effect denied petitioner a hearing on reopening. On 20 July, 1960, the petitioner sustained another industrial injury and a medical consultation was held concerning that particular injury. We are not here concerned with the second injury.

There followed two more petitions to reopen and two more awards denying reopening. It should be noted that in none of the petitions to reopen did petitioner provide any new or current medical reports to substantiate his position. On 23 January, 1963, another notice was filed requesting consideration and adjudication of the case, and the Industrial Commission on 30 January, 1963, issued its award stating:

"That under the provisions of the Workmen's Compensation Law said applicant may file application for reopening or re-

adjustment of claim. Said petition must be supported by a written report of a physician or surgeon duly and regularly licensed to practice medicine and surgery in the State of Arizona."

The file also reflects that on 13 February, 1963, after other correspondence, the petitioner was invited by the Commission's Claim Manager to submit a petition for reopening. The letter stated:

"For this reason, we are enclosing Petition and Application for Reopening forms and specifically direct your attention to Rule 64 on the back thereof in regard to the necessity for supportive medical evidence."

On 21 April, 1965, the claimant petitioned for a rehearing "relative to continuation of previous hearing and award heretofore made." This was denied as not being timely filed, and petitioner brings this writ of certiorari to review the lawfulnes of the award.

■■■ The facts are clear that in the numerous petitions for reopening of petitioner's claim no attempt was made to reach this Court (or the Supreme Court) within 30 days after the awards and decisions of the Industrial Commission as required by Section 23–951 A.R.S. Having failed to apply for a writ of certiorari after the awards in effect denying his petitions for reopening, those decisions of the Industrial Commission are res judicata as to petitioner. In particular, the decision of 30 January, 1963, became final 30 days after its entry, and a naked "petition for rehearing" filed over two years later cannot revive the jurisdiction of this Court to hear the matter.

As was stated by our Supreme Court:

"From the foregoing it will be seen that since the award in February, 1948, and the affirmance thereof in May, 1948, there have been applications by petitioner for readjustment, which have been denied with findings that there was no additional or undiscovered disability. From none of these actions of the commission was an appeal taken.

**354**

"The effect of petitioner's final application, which is in the form of a report on her physical condition and a demand for allowance of compensation since the commission terminated the same in 1948, is an attempt to test the legality of the commission's actions, without compliance with the provisions of Section 56–972, A.C.A. 1939. [23–951 A.R.S.]." Ellison v. Industrial Commission, 75 Ariz. 374 at 375, 257 P.2d 391 (1953).

For the reasons stated we have no jurisdiction to hear this matter.

Nothing we say herein would prevent the petitioner, after a proper application for "Reopening or Readjustment" of claim (as opposed to a "Petition for Rehearing"), based upon the proper medical evidence, from receiving a hearing on said petition. Dabbs v. Industrial Commission, 2 Ariz. App. 598, 411 P.2d 36 (1966), Potter v. Industrial Commission, 99 Ariz. 126, 407 P.2d 88 (1965), Davila v. Industrial Commission, 98 Ariz. 258, 403 P.2d 812 (1965).

Petitioner also contests the constitutionality of the workmen's compensation statutes and contends that they are contrary to the "due process" clauses of the United States Constitution and the Arizona Constitution. This Court and our Supreme Court have passed upon this question and held that the act is constitutional, Wilson v. Wilson, 1 Ariz.App. 77, 399 P.2d 698 (1965); Shaw v. Salt River Valley Water Users' Association, 69 Ariz. 309, 213 P.2d 378 (1950); Ison v. Western Vegetable Distributors, 48 Ariz. 104, 59 P.2d 649 (1936).

It is noted that petitioner has elicited the support and assistance of many persons (other than the 5 attorneys who have successively represented him in this matter) and of other agencies and branches of state government. Because of this, we feel it necessary to point out that the file indicates that the Commission has repeatedly attempted to show the way for petitioner to file the proper petition supported by the necessary documents. That the petitioner or his counsel has failed to follow this

advice (or the Arizona statute and case law for that matter) is not the fault of the Commission.

The award is affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.