470 P.2d 473

Lily May MOORE, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Western Sundown Motel Restaurant, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC 255.

Court of Appeals of Arizona, Division 1, Department A.

June 11, 1970.

Rehearing Denied July 20, 1970.

Review Denied Dec. 8, 1970.

Gorey & Ely, by Stephen S. Gorey, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Tom Roof, Phoenix, for respondent carrier State Compensation Fund.

CAMERON, Judge.

The petitioner, Lily May Moore, brought a writ of certiorari to this Court to test the lawfulness of an award and findings of the Industrial Commission issued 12 November 1968 which found that the petitioner had no previous disability which affected her earning capacity at the time of her industrial accident; and, that the petitioner's injury of 25 September 1962 resulted in a permanent partial disability equal to 35% loss of function of the left leg, a scheduled injury (A.R.S. § 23–1044, subsec. B, par. 21).[1]

Two questions are presented to the Court for review:

1.  Whether the petitioner made a valid withdrawal of her protest of the 30 December 1965 award, thereby allowing the award to become final and res judicata as to the issue of a previous disability, and

2.  whether, upon reopening, an award may be converted from a scheduled award (A.R.S. § 23–1044 B) to an unscheduled award (A.R.S. § 23–1044, C, D, & E).

The facts necessary for a determination of this matter are as follows. The petitioner injured her left knee while working as a maid in the respondent motel on or about 28 September 1962. She was pushing a bed with her knee, which caused the injury. The Commission provided extensive medical treatment including two operations to her knee. During hospitalization on one operation she developed pneumonia which prolonged her stay. Petitioner also received compensation for total temporary disability (except for a month of partial disability payment) up to 11 December 1965.

The Commission issued a findings and award for scheduled permanent disability on 30 December 1965, which found that the petitioner suffered a permanent partial disability equal to 35% loss of function of the left leg, entitling the petitioner to compensation in the sum of $82.28 per month (based on an average monthly wage of $164.55) for a period of 17½ months, "the first payment effective December, 1965, *payable when award becomes final* and the balance of payments payable the last of each month thereafter." (emphasis supplied)

The petitioner called at the Commission offices on 10 January 1966 and expressed her dissatisfaction with the award. The Commission then received a letter from the petitioner's attending physician, Dr. Collings, on 14 January 1966 stating that the petitioner had continual swelling, pain, and discomfort, which made it necessary for him to give her prescriptions for pain. It was his opinion that her leg would continue to need future help, especially during prolonged working periods. The Claims Supervisor wrote the petitioner on 20 January 1966, advising her that her call and the letter from Dr. Collings would be considered as a protest to the Commission's award, which must be followed up by a petition for hearing. Forms were enclosed

1.  This case was decided under the law as it existed prior to 1 January 1969.

along with instructions for filing of the same. The petitioner was further advised:

> "Benefits provided in the award of December 30, 1965 will not be released in order to afford you the opportunity for possible rehearing."

The petitioner, in propria persona, filed a timely petition for hearing. The file contains a telephone memorandum dated 9 February 1966 stating in part as follows:

> "Return call—wants to know why medical comp is not being continued. We returned call—spoke to Claimant. Mrs. Moore stated that she was not aware that by sending in a petition protesting her award—that her compensation payments would not be released. Mrs. Moore advised that she submitted the petition in error, and will immediately send a letter to the Commission withdrawing her petition."

The file next contains a letter from the petitioner containing the following statement:

> "In regards to your call—the papers I signed a month or so ago should not have been signed. My checks have been stopped and so has medical attention. I would like to cancel those said papers out so I can still receive my award of $82.28 per month for 17½ months and medical care. Please cancel those said papers and start my checks back to me and I will make an appointment with Dr. Tabor (sic) later this month."

The file does not reflect any action by the Commission on this withdrawal, but it does appear that all parties treated the motion for rehearing as abandoned.

On 13 April 1966, claimant petitioned for readjustment or reopening of claim. The matter was reopened and the fixation devices used in the operation were removed on 29 November 1966. Following this surgery, she was hospitalized on 20 December 1966 with pneumonitis, which Dr. Collings stated was an old residual infection which flared up following the surgery on her knee. Dr. Taber denied that it was related to the surgery.

The Commission issued an award dated 14 June 1967 of "Additional Findings and Award For Scheduled Permanent Disability," granting accident benefits through 23 May 1967, additional total temporary disability compensation, and again fixing the petitioner's disability as a 35% loss of function of the left leg, and authorizing release of permanent partial disability payments.

The petitioner retained counsel following the 14 June award, and a timely protest and petition for hearing was filed. Hearings were held on 16 November 1967 and 29 March 1968. Following the hearings, the Commission issued the award complained of denying further responsibility.

## DID THE PETITIONER WITHDRAW THE MOTION FOR REHEARING?

The petitioner argues that the Commission is charged with the duty of fully and fairly advising claimants before it concerning their rights, especially when the claimant is without counsel, and that when they fail to do so the resulting award must be set aside. Petitioner thus argues that its withdrawal of the motion was of no effect because the Commission failed to advise petitioner that her withdrawal foreclosed future hearings. We agree that the Commission should fully and fairly advise claimants, and we sympathize with the petitioner in being placed in a position where she could not obtain a hearing unless she first gave up compensation payments under the alleged erroneous award. However, the law at the time allowed payments to be withheld pending a hearing and the Commission made this clear to petitioner. We therefore hold that petitioner's withdrawal of the motion was valid. Only recently has the legislature added A.R.S. § 23–952 which allows the Commission to continue payments pending hearing. Since the withdrawal was valid, the matter must be considered res judicata subject only to the

right to reopen (A.R.S. § 23–1061, subsec. C). Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969), Kelsey v. Industrial Commission, 79 Ariz. 191, 286 P.2d 195 (1955).

## PRE-EXISTING DISABILITY

The petitioner urges that even though the award was res judicata, at the time of the industrial accident she was suffering a pre-existing disability consisting of chronic bronchitis and pleurisy which was not discovered until after the petition to reopen. The Commission urges that the award of 30 December 1965, which award precludes finding a previous disability, having become final, is res judicata on the issue that petitioner suffered a scheduled permanent partial disability rather than an unscheduled disability.

We agree that this award was res judicata as to the matters set forth in said award and absent a timely motion for rehearing would be binding upon all parties to the award. Russell v. Industrial Commission, supra. This does not mean, however, that under the statute the parties to the award are barred from reopening, A.R.S. § 23–1061, subsec. C, showing new, additional or previously undiscovered disabilities which could convince the Commission or this Court that the award should be changed from a scheduled to an unscheduled award. We have read the evidence of the two hearings held by the Commission as well as other evidence presented after the petition to reopen. There was a conflict in the evidence which the Commission resolved against the petitioner. The Court will not substitute its opinion for that of the Industrial Commission where the Commission has resolved a conflict in the medical testimony. The Commission's finding that there was no previous disability must stand. Wones v. Industrial Commission, 7 Ariz.App. 236, 437 P.2d 988 (1968).

Award affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.