488 P.2d 665

**Frank J. BALBUZE, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Arizona Highway Department, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 534.**

Court of Appeals of Arizona,
Division 1,
Department A.

Sept. 21, 1971.

Rehearing Denied Oct. 14, 1971.

Review Denied Nov. 23, 1971.

Lawrence Ollason, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm. of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by James E. McDougall, Phoenix, for respondent employer and respondent carrier.

CASE, Judge.

The petitioner questions the lawfulness of an award and findings of the Industrial Commission issued on July 27, 1970, affirming the award for compensable claim and temporary disability issued by the hearing officer on May 20, 1970.

Unquestionably petitioner suffered a compensable injury as the result of a fall on November 10, 1969. The issue presented is whether he is entitled to only temporary disability benefits as provided in the award, or in addition thereto, permanent disability benefits.

While under treatment for the November 10th injury petitioner was found to have a cervical sprain, a diastasis recti, cerebral vascular insufficiency, diverticulosis of the colon and neuralgia of the right inguinal area. The hearing officer found the cervical sprain and the diastasis recti to be causally related to the industrial accident of November 10th, but that the condition was stationary and not causing any permanent disability. He further found the other three conditions not to be causally related to the accident. Petitioner complains of continued dizziness and headaches which allegedly have resulted in his inability to work.

Three doctors testified at the Commission's hearing, two giving opinions as to petitioner's dizziness and headaches. Bernard Pasternack, M.D., who specialized in internal medicine and had previously treated petitioner following a hernia in 1967, noted that petitioner had a history of high blood pressure, i. e., hypertensive vascular disease prior to the accident, but concluded that the dizziness and headaches were probably caused by the accident. He further noted that as to causation of the headaches and dizziness he would have to defer to the opinion of Dr. Goldfarb, a neurosurgeon. He further testified that petitioner never complained of dizziness before the accident. Dr. Goldfarb testified that the dizziness and headaches suffered soon after the accident were caused by the cervical sprain, but after the trauma had subsided the remaining dizziness and headaches were due to petitioner's preexisting cerebral vascular insufficiency, and unrelated to the accident.

The above illustrated conflict was resolved by the hearing officer by relying on the neurosurgeon's opinion, and affirmed by the Commission.

█ As in cases where an award is based on conflicting medical testimony, we must affirm and are not at liberty to interpose a decision based on our review of conflicting testimony. Mead v. American Smelting & Refining Company, 90 Ariz. 32, 363 P.2d 930 (1961); Flores v. Industrial Commission, 11 Ariz.App. 566, 466 P.2d 785 (1970).

█ After reviewing the entire file we find the award to be reasonably supported by the evidence.

The award is affirmed.

STEVENS, P. J., and ROBERT E. McGHEE, Superior Court Judge, concur.

NOTE: FRANCIS J. DONOFRIO, J., having requested that he be relieved from consideration of this matter, ROBERT E. McGHEE, Judge of the Superior Court, was called to sit in his stead and participate in the determination of this decision.