492 P.2d 1256

Elton BREWER, Petitioner.

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Holiday Mobile Home Resorts, et al., (Holiday Isle Ltd.), Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 576.

Court of Appeals of Arizona, Division 1, Department B.

Jan. 24, 1972.

Rehearing Denied Feb. 18, 1972.

Review Denied March 28, 1972.

Lawrence Ollason and Walter L. Richards, Jr., Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm. of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Dee-Dee Samet, Phoenix, for respondent carrier.

EUBANK, Judge.

This case is before us on our writ of certiorari to review the lawfulness of an award of The Industrial Commission.

Petitioner injured his right knee on October 5, 1966, and received benefits thereafter until the Commission issued its Findings and Award for Scheduled Permanent Disability on February 27, 1968. This award contained a 20-day clause. Petitioner allowed this award to become final and the claim lay dormant until petitioner filed a petition to reopen the claim on March 16, 1970. His petition stated that a medical report from Dr. H. Robert Baker would follow. This report arrived on June 1, 1970, and stated that in Dr. Baker's opinion, the knee scar should be excised in an attempt to relieve an adherence to the bone, but that this procedure " . . . would not effect (sic) his ultimate disability rating in any way." Petitioner was also examined by Dr. Richard J. Toll, who was also his physician during the 1966 to 1968 period of treatment.

A hearing was held on the petition to reopen and Dr. Toll testified that there was no change in petitioner's condition and that he would not recommend any further

medical treatment. Petitioner did not subpoena Dr. Baker, nor was he represented by counsel at the hearing. The petition to reopen was denied and petitioner retained present counsel.

Two questions are raised here. First, whether the hearing officer or counsel for the Fund had a duty to inquire into a previously existing disability and to advise petitioner with regard to it, and second, whether this Court should remand the case for a hearing to determine if an alleged prior disability has the effect of converting the 1966 scheduled knee disability into an unscheduled award

■ As to the first issue, petitioner cites us no authority for the proposition that either the Fund or the hearing officer is required by law to act as the claimant's advocate where he is not otherwise represented by counsel. In our opinion the record does not support this contention. While a duty may evolve upon the hearing officer to assist the petitioner in presenting his claim when he is without counsel, Moore v. Industrial Commission, 12 Ariz.App. 325, 470 P.2d 473 (1970), such assistance does not require the hearing officer to search the entire history of the claimant in order to ascertain whether or not the claimant might possibly having a different claim than the one he is presenting.

■ As to the second issue, there is no evidence in the record to indicate that petitioner had an industrially related injury prior to his 1966 knee injury. In fact, the only indication of such an event is contained in a letter from petitioner's attorney sent to the Commission after the hearing and after the entry of the award denying the petition to reopen. Such a representation is not competent evidence. Higgins v. Industrial Commission, 108 Ariz. 136, 491 P.2d 1138 (filed December 22, 1971). In addition, petitioner's award finding a scheduled injury became final and *res judicata* 20 days after the February, 1968 award, in view of petitioner's failure to request a hearing at that time, and the nature of that award cannot be reviewed thereafter on a motion to reopen. Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969).

Finally, a petition to reopen is subject to petitioner proving a ". . . new, additional or previously undiscovered . . . condition . . . ." under 23 A.R.S. § 1061, subsec. H. Our review of the record shows that the petitioner failed to do this.

The award denying the petition is affirmed.

HAIRE, P. J., and JACOBSON, J., concur.