492 P.2d 1225

The STATE of Arizona, Appellee,

v.

Leroy James GREEN, Appellant.

No. 2 CA–CR 272.

Court of Appeals of Arizona, Division 2.

Jan. 27, 1972.

Gary K. Nelson, Atty. Gen., Phoenix, by Jerry C. Schmidt, Asst. Atty. Gen., Tucson, for appellee.

Charles W. Stokes, Casa Grande, for appellant.

KRUCKER, Chief Judge.

Defendant below, Leroy James Green, appeals from a judgment and sentence resulting from his entry of a plea of guilty to the crime of forgery of a credit card, a felony, A.R.S. § 13-1074. The statutory penalty is not less than one nor more than five years. A.R.S. § 13-1645. On a plea of guilty, the defendant was sentenced to not less than two nor more than four years.

On March 8, 1971, Honorable E. D. McBryde, Judge of the Superior Court of Pinal County, pursuant to A.R.S. § 13-1621, ordered the defendant to the Arizona State Hospital for psychiatric examination by three competent medical doctors, and on April 1, 1971, defendant was ordered retained in the hospital for an additional thirty days for further medical study. Based on results from the State Hospital study indicating his probable competence, defendant was returned to jail to await further proceedings. A hearing was held on May 14, 1971 to determine defendant's competency. After this hearing, there was additional medical study. The defendant was found by the court to be able to assist in his own defense and to understand the nature of the proceedings against him. The case was duly set for trial before a jury.

Subsequently, the defendant entered a plea of guilty, after a plea bargain in which three of the four counts of forgery were dropped. The guilty plea was made to one count of forgery of a credit card. At a subsequent hearing on sentencing, defendant was advised of his rights, advised that it was a felony and advised that he could be sent to the Arizona State Prison on a plea of guilty. The record indicates that the defendant understood all of this at the time of sentencing. He was not coerced or induced to enter the plea and he was represented by counsel who was present at all times.

Defendant-appellant's brief raises one broad general question, that is, whether there was an abuse of discretion in the trial court's judgment and order. However, the brief also raises two other points— that of the defendant's competency and whether the requirements of *Boykin*, infra, were met. We will therefore deal with all three of these questions.

■ As to the competency of the defendant to stand trial or enter a plea, we believe there is little doubt. Defendant was represented by counsel at all times; a hearing was held; defendant was sent to the state hospital for study and evaluation where the doctors determined that he was competent to stand trial; and, at the subsequent hearing, further medical testimony was taken and it was again determined that the defendant was able and capable of standing trial. There is no question in our minds but what the defendant was competent for legal purposes so that the trial could proceed.

We have examined the transcript and the written reports of the physicians in coming to this conclusion. One of the physicians states, in part:

\* \* \* \* \* \*

"It is my inpression [sic] that the patient does not now suffer from a mental illness and is able to understand the nature of the proceedings as well as able to assist in his defense.

\*　　\*　　\*　　\*　　\*　　\*

While the defendant's present mental condition does not justify commitment to a mental institution . . . ."

 Defendant, in questioning the failure of the trial court to grant probation, relies heavily on the sound discretion of the trial court in granting probation, citing A.R.S. § 13–1657; *also see*, State v. Bigelow, 76 Ariz. 13, 258 P.2d 409 (1953) and State v. Douglas, 87 Ariz. 182, 349 P.2d 622 (1960). There is no doubt that the trial court did exercise sound discretion as to whether probation should be granted or not. Nothing is pointed out to us to show any abuse of discretion; the record shows that the defendant has had many prior brushes with the law and has served time for numerous offenses. The trial court was well aware of these facts. In light of defendant's prior record, we find no abuse of discretion in a sentence of two to four years where the statutory penalty is one to five years.

We also believe that all of the requirements in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) have been met. At the hearing at the time of the entry of the plea of guilty, the court questioned the defendant as to the voluntariness of his plea and whether he understood the nature of the charge against him. He was also asked if any promises had been made to him. He was advised that the crime was a felony and that he could be sentenced to the Arizona State Prison. The court further advised him that he had 60 days within which to appeal, and, if he did not have funds to hire an attorney, one would be appointed to represent him. Defendant stated that he was ready to enter his plea and that he was guilty.

Judgment is affirmed.

HOWARD and HATHAWAY, JJ., concur.