496 P.2d 875

**Gladys M. KAY, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**The Hub, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 630.**

Court of Appeals of Arizona, Division 1, Department B.

May 11, 1972.

Langerman, Begam & Lewis, by Jack Levine, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel by R. Kent Klein, Phoenix, for respondent employer and respondent carrier.

EUBANK, Judge.

This case is before the Court by writ of certiorari to test the lawfulness of an award and findings of The Industrial Commission terminating medical benefits.

Petitioner Gladys M. Kay sustained an injury to her lower back by a fall that occurred during the course of her employment. She was hospitalized for that injury, and was fully discharged by her attending physician seven days later. An award for medical, surgical and hospital benefits was made by the Commission on February 9, 1971, but disability benefits were denied.

Petitioner complains that she has continued to suffer disabling pain subsequent to the hearing and award which she attributes to an aggravation of a preexisting hysterical condition. She contends that since her appearance at the hearing was without counsel, the hearing officer erred in not ordering, on his own motion, a psychiatric examination.

Our Court has stated that in hearings where the claimant appears without coun-

**234**

sel, " . . . the Commission should fully and fairly advise claimants . . . . " Moore v. Industrial Commission, 12 Ariz. App. 325, 327, 470 P.2d 473, 475 (1970). This admonition, however, pertains to procedural matters within the knowledge and understanding of the hearing officer. We have found no judicial decision or legislative mandate directing a hearing officer to act as an advocate on behalf of a claimant appearing in person and without counsel before such officer nor any authority directing that she be instructed in the meaning of medical terminology by the hearing officer. Obviously such a responsibility would conflict with the hearing officer's quasi-judicial function. *See* Brewer v. Industrial Commission, 16 Ariz.App. 318, 492 P.2d 1256 (1972).

The attending physician's reports, in which the possibility of a conversion reaction was mentioned, were available for the petitioner's examination prior to the hearing if she had desired to examine them, and she was referred to the entire claim file at the commencement of the hearing. At no time did she make a request that a psychiatric examination of herself be conducted. The Arizona Supreme Court held in Egelston v. Industrial Commission, 52 Ariz. 276, 80 P.2d 689 (1938):

> " . . . [I]t is the duty of a claimant to present evidence to the commission which will sustain the burden of proof which the law places upon him, and that the commission is under no obligation of procuring and paying for expert medical testimony merely because, in the opinion of petitioner, it might throw further light on the case. . . . " (52 Ariz. at 283, 80 P.2d at 691)

*Accord,* Cain v. Industrial Commission, 87 Ariz. 40, 347 P.2d 699 (1959).

Our review of the record shows that the hearing officer conducted the hearing in a manner to achieve substantial justice, as is required by A.R.S. § 23–941, subsec. F.

The second question presented for review is whether there is sufficient evidence to support the award of the Commission. We hold that there is.

It is well settled that an emotional disability may be compensable under Arizona's Workmen's Compensation Law. Murray v. Industrial Commission, 87 Ariz. 190, 349 P.2d 627 (1960); Brock v. Industrial Commission, 15 Ariz.App. 95, 486 P.2d 207 (1971). The claimant, however, has the burden of proving such disability and the findings and award of the Commission will only be set aside when it appears as a matter of law that, " . . . there is no reasonable basis in the evidence upon which the commission could have reached its conclusion. . . . " In Re Estate of Bedwell (Bedwell v. Industrial Commission), 104 Ariz. 443, 444, 454 P.2d 985, 986 (1969).

In this case, testimony was elicited from the attending physician that although there may have been an hysterical reaction, such reaction had abated by the time petitioner was released from his care, and that there was no further physical or emotional disability which might be attributable to her accident affecting her ability to work from that date. This testimony was not contradicted, other than by petitioner, and no other medical evidence was before the Commission.[1]

In the absence of medical evidence connecting petitioner's complaints of pain with the industrial injury, the Industrial Commission must accept the only medical evidence before them. Romero v. Industrial Commission, 11 Ariz.App. 5, 461 P.2d 181 (1969); Sandoval v. Industrial Commission, 3 Ariz.App. 449, 415 P.2d 463 (1966).

Award affirmed.

HAIRE, C. J., and JACOBSON, J., concur.

---

1. The petitioner did file a chiropractor's report supporting her claim, but we deem it insufficient to create a medical conflict in the evidence. Gates v. Kilcrease, 66 Ariz. 328, 188 P.2d 247 (1947); A.R.S. § 32–925, as amended.