513 P.2d 948

**Frank J. BALBUZE, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Arizona Highway Department, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1–CA–IC 789.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 6, 1973.

Rehearing Denied Oct. 15, 1973.

Review Denied Nov. 6, 1973.

Lawrence Ollason, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, Robert K. Park, Chief Counsel, State Compensation Fund, by James B. Long, Phoenix, for respondents employer and carrier.

## OPINION

EUBANK, Presiding Judge.

This review by our writ of certiorari questions the lawfulness of an award of the Industrial Commission denying petitioner the right to reopen his 1970 award of temporary disability compensation benefits.

Although the petitioner raises several questions, both miss the point. The only question of substance before us is whether he has met his burden of proving a "new, additional or previously undiscovered temporary or permanent condition. . . ." which would permit the Commission to reopen the claim. *See* A.R.S. § 23–1061, subsec. H., Whitley v. Industrial Commission, 19 Ariz.App. 519, 508 P.2d 778 (1973).

The facts are fully set forth in our prior decision in this matter, wherein we affirmed the 1970 award of the Commission. Balbuze v. Industrial Commission, 15 Ariz.App. 309, 488 P.2d 665 (1971).

■ The petitioner attempts by this petition to raise the same issue raised in the prior appeal—whether the petitioner's disability was permanent rather than temporary, as found by the Commission. The doctrine of *res judicata* precludes the reconsideration of that issue, absent evidence of a type which would support a reopening of the claim. *See* Whitley, *supra*.

■ We have reviewed the record and it is clear that the petitioner has failed to establish any medical evidence of a "new, additional or previously undiscovered . . . condition". Both medical experts testified that the petitioner was the same now as he was at the time of the hearing prior to the 1970 award, although one expert felt that he was slightly worse now. No medical testimony even approaches the requirements of A.R.S. § 23–1061, subsec. H. The hearing officer's finding that the petitioner "failed to carry the necessary burden of proof" is supported by the record.

The award is affirmed.

JACOBSON, C. J., Division 1 and HAIRE, J., concur.