531 P.2d 549

**STATE COMPENSATION FUND and
Mathews Drilling Company,
Petitioners,**

v.

**Jesse BUNCH, Respondent Employee,**

**The Industrial Commission of Arizona,
Respondent.**

**No. I CA–IC 1037.**

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 11, 1975.

Robert K. Park, Chief Counsel, State Compensation Fund by James B. Long, Phoenix, for petitioners.

Chris T. Johnson, Phoenix, for respondent employee.

Edward F. Cummerford, Chief Counsel, The Industrial Commission, Phoenix, for respondent.

## OPINION

JACOBSON, Presiding Judge, Department B.

The question presented on this appeal concerns the scope of review of the Industrial Commission on a petition to reopen.

The facts necessary to this appeal are as follows: In October of 1959, respondent employee sustained an industrially-related low back injury while employed in California. No award as to permanent disability or earning capacity was made for this injury as the claim was compromised and settled for a lump sum of $4,095 with the permission of the California Commission.

On December 3, 1965 respondent employee suffered an industrial injury to his right (major) hand. This claim was closed on June 29, 1966 with a scheduled permanent disability award for 75% functional loss of the use of this hand. This claim was reopened and ultimately closed on January 22, 1968.

The respondent employee sustained a second industrially-related injury to his right hand on August 22, 1967. This claim was closed on January 22, 1968 with an Award for Temporary Disability. This claim was reopened on July 23, 1968 and closed on September 14, 1970 with a scheduled permanent disability award of 20% functional loss of use of the right (major) arm. Respondent employee waived his right of rehearing and appeal on this claim on September 21, 1970 and at his request received a lump sum award on November 6, 1970.

On July 20, 1971 respondent employee petitioned to reopen this second Arizona claim which petition was accepted. On December 6, 1972 the Fund issued a Notice of Claim Status and Permanent Disability Benefits finding that respondent employee had suffered additional functional impairment of the right (major) arm, but issued a notice of claim status finding the injury to be scheduled. Respondent employee protested this finding, alleging that he had an unscheduled disability.

At a hearing on the matter, respondent employee presented evidence as to the specific nature and extent of permanency of the California back injury. The hearing officer determined that the respondent employee was not entitled to have his claim reopened based on this proffered evidence as he did not show any further loss of use or functional impairment to his right upper extremity. However, despite the finding that the nature of the present disability was scheduled and that this determination as to such status was final and res judicata, the hearing officer reasoned that he was compelled to convert the previous scheduled award to an unscheduled award under the holding of Rodgers v. Industrial

Commission, 109 Ariz. 216, 508 P.2d 46 (1973).[1] The Hearing Officer's decision was affirmed by the Industrial Commission on July 25, 1973. The Fund filed a writ of certiorari with this court.

We thus have the factual setting of a closed scheduled award with the only evidence justifying a reopening of that award a decisional change in the law, which if applied to petitioner's award would result in an unscheduled award being entered.

▮▮▮ To determine whether or not the Hearing Officer was correct in applying the law as set forth in Rodgers, the effect of a reopening must be examined. A.R.S. § 23–1061(H) (Supp.1974) provides:

"An employee may reopen his claim . . . upon the basis of new, additional or previously undiscovered temporary or permanent condition . . . ."

This provision mitigates the effects of res judicata by permitting the Commission to increase or rearrange the compensation or allow additional benefits because of changes in physical condition or an undiscovered physical condition for awards that would otherwise be final. Cowan v. Industrial Commission, 18 Ariz.App. 155, 500 P.2d 1143 (1972). Once an award is allowed to become final and no timely protest is filed,

" . . . the Commission retains jurisdiction only for the purpose of altering, amending or rescinding its findings and award, upon showing of a *subsequent change in physical condition of the claimant or upon a showing of subsequent reduction of earning capacity.*" Russell v. Industrial Commission, 104 Ariz. 548, 553, 456 P.2d 918, 923 (1969). (Emphasis added).

▮▮▮ Respondent employee here allowed his previous industrial awards to become final as no timely protests were ever filed. A.R.S. § 23–942(D) (Supp.1974). The Hearing Officer found that the respondent employee was not entitled to a reopening merely because he presented new evidence as to the specific extent of the prior known California back injury. The evidence supports the Hearing Officer's decision that the respondent employee did not present evidence to warrant a reopening as the facts presented attest to his knowledge of the permanent back injury by his compromise and settlement of his 1959 claim for permanent back injury, his undergoing of subsequent back surgery, and his own testimony that he was unable to work because of his back injury. Balbuze v. Industrial Commission, 20 Ariz. App. 410, 513 P.2d 948 (1973).

▮▮▮ Despite his inability to show sufficient evidence of physical change to reopen his claim, respondent employee attempts to raise his objection to the scheduled nature of these prior awards through a petition to reopen. He urges that although he has been unable to sustain his burden of showing any "new, additional or previously undiscovered temporary or permanent condition" as required under the reopening statute, the change in the law occasioned by the *Rodgers, supra,* decision affords him a basis upon which his case should be reopened. Under *Rodgers, supra,* the second injury to the same body member must be reevaluated as of the time of the reclosing of this matter and would need to be classified as an unscheduled award. However, as respondent employee was unable to show any further loss of use or functional impairment to his right upper extremity (a change in physical condition) to provide a basis for reopening his entire claim, the nature of these final and res judicata awards cannot now be reviewed on a petition to reopen. Brewer v. Industrial Commission, 16 Ariz.App. 318, 492 P.2d 1256 (1972). The decision of *Rodgers, supra,* does not affect the res judicata status of these claims.

1. *Rodgers* in essence held that successive injuries to the same member of the body which, if occurring in the same accident would be treated as a scheduled injury, must be treated as an unscheduled injury.

For the foregoing reasons, the award of the Industrial Commission is set aside.

OGG, P. J., Department A., and DON-OFRIO, J., concur.