541 P.2d 962

**Anna M. YOUNGER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Southern Arizona Properties, Inc., Respondent Employer,**

**Home Insurance Company, Respondent Carrier.**

**No. I CA–IC 1277.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 4, 1975.

Rehearing Denied Nov. 26, 1975.

Review Denied Jan. 6, 1976.

**172**

Rabinovitz, Minker & Dix, P. C., by James S. Dix, Tucson, for petitioner.

Greg L. Folger, Chief Couusel, The Industrial Commission of Arizona, Phoenix, for respondent.

Everett, Bury & Moeller, P. C., by J. Michael Moeller, Tucson, for respondents employer and carrier.

## OPINION

NELSON, Presiding Judge.

On August 8, 1972, Anna M. Younger, petitioner herein (Younger), injured her knee when she slipped and fell on some loose gravel while working as a maid at the Skyline Country Club in Tucson, Arizona. Her claim for workmen's compensation benefits was accepted by the Home Insurance Company, respondent carrier (Carrier) and benefits paid.

As a result of the injury, two surgical procedures were undertaken. Initially a lateral meniscectomy and patellectomy were performed. When the knee continued to click and grind, the knee was again surgically explored, resulting in the removal of bone fragments and the transplanting of a tendon. The first surgery was performed on April 26, 1973, the second on October 17, 1973. Younger continued to be treated and on February 6, 1974, the orthopedic surgeon, Lawrence M. Haas, M. D., found her condition to be stationary with a 20% disability of the right lower extremity.

On February 28, 1974, the Carrier issued a Notice of Claim Status terminating temporary disability compensation as of February 6, 1974, with a finding of permanent partial disability of 20% of the right lower extremity, a scheduled injury (A.R.S. § 23–1044B.). Younger protested this award, claiming an unscheduled disability pursuant to A.R.S. § 23–1044E. Hearings were held on July 8, 1974 and September 11, 1974. On September 20, 1974, the hearing officer issued his decision and award for a scheduled permanent partial disability. When this award was affirmed by the hearing officer on review, the matter was brought before this Court on certiorari. We affirm the award.

Younger urges that this Court's decision in *Moore v. The Industrial Commission of Arizona,* 16 Ariz.App. 284, 492 P.2d 1222 (1972), earlier opinion 12 Ariz.App. 325, 470 P.2d 473 (1970) is persuasive and requires the award to be set aside. We agree that the decision is persuasive, as well as instructive on the point in issue, but, in our view, it requires the award here to be affirmed.

Both Moore and Younger were maids and were injured on duty. Both initially had two surgeries on the knee and had scheduled injuries to the lower extremity (see: 12 Ariz.App. 325, 470 P.2d 473, supra). From this point forward, the cases differ substantially. Moore had two more surgical procedures which left her with a fused (stiff) knee and a foot internally rotated 30 degrees. While there is some very persuasive dicta that such radical surgery would cause a person problems in the hip and back that would be obvious to a layman, the Court's actual holding was more specific:

". . . [W]e hold that there is no reasonable *medical evidence* upon which the award of the Commission could be based." (Emphasis supplied) *Moore v. The Industrial Commission of Arizona,* supra, 16 Ariz.App. at 287, 492 P.2d 1225.

They found that the testimony of the doctor supposedly raising a conflict in the medical testimony was based upon "a misapprehension or an omission of important medical facts", particularly in regard to

Moore's 30 degree internal rotation of her foot, a condition which directly affected her hip and back.

In the case before us, both Dr. Haas, the treating doctor, and Richard J. Toll, M.D., another orthopedic specialist personally sought out by Younger because of her continuing problems and pain, testified that her condition was stationary and that she had a 20% permanent partial disability of her right lower extremity. In addition, both physicians testified that Younger's symptoms in her back and hip were not related to the knee injury. The ward is clearly supported by the evidence and must be affirmed. *Micucci v. The Industrial Commission of Arizona*, 108 Ariz. 194, 494 P.2d 1324 (1972).

Younger further urges that the award itself is inconsistent insofar as what was found by the hearing officer regarding Younger's preexisting rheumatoid arthritis and the impact of the injury thereon. We have reviewed the testimony of the doctors, including the references to the views of Harold C. Tretbar, M.D., a specialist in the treatment of arthritis, and find the award to be fairly reflective of the opinions that the injury did not make the rheumatoid arthritis worse in the unaffected parts of the body, i. e., back, hips, other joints, and that only the permanent knee symptoms were the result of the injury.

It may well be that the case will have to be reopened in the future. Dr. Haas' report reflects the possibility and the record here reflects that a petition had in fact been filed and that the Carrier was not unsympathetic to such a reopening, assuming supportive medical data is available. However, that matter is not now before us and we express no opinion relative thereto.

The record before us at this time supports the determination of the hearing officer and the award is affirmed.

WREN and SCHROEDER, JJ., concurring.