545 P.2d 63

**STATE COMPENSATION FUND and Mathews Drilling Company, Petitioners,**

v.

**Jesse BUNCH, Respondent Employee, The Industrial Commission of Arizona, Respondent.**

**No. 1 CA–IC 1037.**

Court of Appeals of Arizona, Division 1, Department A.

Feb. 3, 1976.

Robert K. Park, Chief Counsel, State Compensation Fund by James B. Long, Phoenix, for petitioners.

Chris T. Johnson, Phoenix, for respondent employee.

Greg L. Folger, Chief Counsel, The Industrial Commission, Phoenix, for respondent.

SUPPLEMENTAL OPINION

JACOBSON, Presiding Judge, Department B.

The question presented on the motion for rehearing concerns whether the opened claim in this instance should be closed as scheduled or unscheduled.

The facts necessary to a determination of this issue are as set forth in the decision of *State Compensation Fund v. Bunch,* 23 Ariz.App. 173, 531 P.2d 549 (1975) but will be set forth herein for the convenience of the reader. In October of 1959, respondent employee sustained an industrially-related low back injury while em-

ployed in California. No award as to permanent disability or earning capacity was made for this injury as the claim was compromised and settled for a lump sum of $4,095 with the permission of the California Commission.

On December 3, 1965 respondent employee suffered an industrial injury to his right (major) hand. This claim was closed on June 29, 1966 with a scheduled permanent disability award for 75% functional loss of the use of this hand. This claim was reopened and ultimately closed on January 22, 1968.

The respondent-employee sustained a second industrially-related injury to his right hand on August 22, 1967. This claim was closed on January 22, 1968 with an Award for Temporary Disability. This claim was reopened on July 23, 1968 and closed on September 14, 1970 with a scheduled permanent disability award of 20% functional loss of use of the right (major) arm. Respondent employee waived his right of rehearing and appeal on this claim on September 21, 1970 and at his request received a lump sum award on November 6, 1970.

On July 20, 1971 respondent employee petitioned to reopen his second Arizona claim which petition was accepted. On December 6, 1972 the Fund issued a Notice of Claim Status and Permanent Disability Benefits finding that respondent employee had suffered additional impairment of the right (major) arm, but issued a notice of claim status finding the injury to be scheduled. Respondent employee protested this finding alleging that he had an unscheduled disability.

Therefore, at the time this matter came before the hearing officer, the awards for the California back and the first Arizona hand injury had become final as no timely protests had been filed. The second Arizona claim had been reopened to allow the respondent employee additional medical benefits. The nature of the injury as scheduled was not changed when this matter was closed on December 6, 1972.

At the hearing on the matter, respondent employee presented evidence as to the specific nature and extent of permanency of the California back injury. The hearing officer determined that the respondent employee did not show any further loss of use or functional impairment of his right upper extremity to warrant a change in the nature of his award from scheduled to unscheduled on the basis of any anatomical changes in his condition. However, the hearing officer reasoned that he was compelled to convert the previous scheduled award to an unscheduled award on closing the matter because of the "change in the law" occasioned by *Rodgers v. Industrial Commission*, 109 Ariz. 216, 508 P.2d 46 (1973).[1] The hearing officer's decision was affirmed by the Industrial Commission on July 25, 1973. The Fund filed a writ of certiorari with this court. This supplemental opinion is designed to clarify our previous decision setting aside the award of the Industrial Commission.

The allowance of the respondent employee's petition to reopen the claim on the second Arizona hand injury did not function as a rehearing which would have operated to set aside the second Arizona claim and allow a full hearing on the merits. *Russell v. Industrial Commission*, 104 Ariz. 548, 553, 456 P.2d 918, 923 (1969). For the nature of the final second Arizona award to be changed, the respondent employee had to show some new, additional or previously undiscovered disability. *Castellanos v. Industrial Commission*, 15 Ariz. App. 319, 323, 488 P.2d 675, 679 (1971). This he was unable to do. Therefore, the nature of the award could not be reviewed despite the fact of the reopening for further medical treatment of this second Arizona industrial injury. *Brewer v. In-*

---

1. *Rodgers* in essence held that successive injuries to the same member of the body which, if occurring in the same accident would be treated as a scheduled injury, must be treated as an unscheduled injury.

*dustrial Commission,* 16 Ariz.App. 318, 319, 492 P.2d 1256, 1257 (1972). Hence, this second Arizona claim should have been reclosed as scheduled without looking into the respondent employee's condition prior to this second Arizona injury. *Schultz v. Industrial Commission,* 44 Ariz. 357, 362, 37 P.2d 372, 374 (1934). The decision in *Rodgers v. Industrial Commission, supra,* did not affect the scheduled nature of this claim.

For the foregoing reasons, the motion for rehearing is denied.

OGG and DONOFRIO, JJ., concur.