668 P.2d 900

**Enrique M. PENA, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Herseth Meat Packing Company, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 2893.**

Court of Appeals of Arizona, Division 1, Department C.

Aug. 2, 1983.

Jack Levine, P.C. by Mitchell E. Cohen, Phoenix, for petitioner.

James A. Overholt, Chief Counsel, The Industrial Com'n of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Robert F. Retzer, Phoenix, for respondents employer & carrier.

OPINION

CONTRERAS, Judge.

This is a special action review of an August 31, 1982, Industrial Commission decision upon review closing a reopened claim with a scheduled disability. The issue on appeal is whether the original final scheduled disability classification is *res judicata* in a case where the comparative degree of

impairment is unchanged, but under current standards for rating impairment the disability classification should be unscheduled. We conclude that the comparative degree of impairment is irrelevant and that *res judicata* is inapplicable. The current standards, therefore, govern the disability classification.

Claimant was injured at work in February 1963. By August 1965, a group of consultants concluded that he was stationary with a twenty percent permanent impairment of the left leg because of thrombophlebitis and that he was able to return to work as a laborer. The claim was accordingly closed with a scheduled disability. This closure became final.

The Industrial Commission adopted new rules of procedure applicable to petitions to reopen filed after January 1, 1969, which became effective November 1, 1973. *See* A.C.R.R. R4–13–101(A). Rulel 113(D) adopted the American Medical Association Guides (Guides) as the standard for rating permanent impairment. *Id.* In 1976, claimant successfully reopened his claim for a recurrence of the thrombophlebitis. *See generally* A.R.S. § 23–1061(H). In November 1981, the carrier closed the claim without additional impairment and with the same scheduled disability classification. A group of consultants subsequently confirmed that claimant was stationary without additional impairment, but classified this impairment as one affecting the whole man under the current applicable Guides for rating vascular disease. They also released claimant to light work only because of this impairment.

Claimant timely protested the termination notice and hearings were conducted. The administrative law judge then issued an award for unscheduled disability because under the Guides, claimant's impairment affected the whole man. On administrative review, the administrative law judge reversed. Relying on *State Compensation Fund v. Bunch,* 23 Ariz.App. 173, 531 P.2d 549 (1975), *decision on reh'g,* 25 Ariz.App. 552, 545 P.2d 63 (1976), he concluded that because the original disability classification

was scheduled and claimant had no additional impairment, finality principles required the same scheduled disability classification despite the unscheduled classification under the Guides. This special action followed to challenge this conclusion. *See* A.R.S. § 23–951; 17A A.R.S., Special Actions, Rules of Procedure, Rule 10.

On appeal, claimant contends that his disability classification should be unscheduled. For the following reasons, we agree.

*State Compensation Fund v. Bunch,* the primary authority for the decision upon review, does not govern the present case. In *Bunch,* the claimant had a work-related back injury in California, which was compromised and settled for a lump sum. He then had a work-related right hand injury in Arizona, which was closed with a scheduled disability. He subsequently had another work-related right hand injury in Arizona. Although the record as summarized in the opinions is somewhat unclear, we assume that this second injury caused increased impairment. This claim was also closed with a scheduled disability.

Claimant then successfully reopened the second injury claim and received additional medical benefits. The claim was again closed with a scheduled disability classification, but claimant protested and at the hearing presented evidence that the California back injury had caused a disability for work. Pending disposition by the Industrial Commission, the Arizona Supreme Court decided *Rodgers v. Industrial Commission,* 109 Ariz. 216, 508 P.2d 46 (1973) (successive injury to same member causing increased impairment unschedules the disability). The Industrial Commission reclassified the disability as unscheduled because under *Rodgers* the disability should have been classified as unscheduled when the second hand injury was originally closed.

This court set aside the award. In the first opinion, we reasoned that because claimant knew of his back disability before both Arizona hand injuries, he could not now rely on this disability to unschedule the reopened second hand injury claim. We further reasoned that *Rodgers* was inappli-

cable because the claimant could not prove an additional impairment to the right hand when the reopened claim was closed. *State Compensation Fund v. Bunch.* In the opinion on rehearing, we amplified our reasons for rejecting the applicability of *Rodgers.* First, we reasoned that the reopening alone did not permit a reexamination of the original closing or change the status of the original disability classification. Second, we reasoned that *Rodgers* would apply when the reopened claim was closed only if claimant then had an increased impairment.

 The present case, in contrast, does not involve successive injuries to the same member. Rather, it simply involves the reopening of a previously closed claim. Accordingly, the *Rodgers* requirement that the second injury increase impairment to unschedule the disability has no applicability here. To the contrary, in the ordinary case where a previously closed scheduled disability is subsequently reopened and then closed with increased impairment, the resulting disability is scheduled. Claimant would receive additional scheduled benefits only. *See Blount v. Industrial Commission,* 19 Ariz.App. 245, 506 P.2d 285 (1973).

The present case, however, is not the ordinary scheduled disability case. When the disability was originally classified, the uncontradicted medical evidence rated a permanent impairment of the left leg only. The claim was then reopened for a new or additional condition. When it was again closed, the medical evidence rated a permanent impairment of the whole man under the then applicable Guides.

This difference requires an unscheduled disability classification in this case. In *Payne v. Industrial Commission,* 664 P.2d 649 (Ariz., 1983), claimant injured his left knee, underwent a meniscectomy, and then was discharged without permanent impairment. He then reinjured the same knee, underwent more surgery, and was discharged with a twenty percent permanent impairment, ten percent of which was attributable to the first injury. The claim was closed with a ten percent scheduled disability from the second injury. Claimant

protested this closing and also petitioned to reopen the first claim. The supreme court held that this new evidence of a permanent impairment from the first injury was sufficient to reopen the first injury claim:

> The first time that the claimant knew that he had a permanent disability as a result of the first injury was when he was examined by the evaluation panel. He was entitled to rely on this newly discovered evidence just as he had previously relied on the report of the treating physician after the first injury.... The finding of a 10% loss of function as a result of his first injury is a newly discovered fact upon which a reopening may be based.

(At 652.)

*A fortiori,* where as in the present case the claim is already reopened under A.R.S. § 23–1061(H), the newly discovered evidence that the permanent impairment rates an unscheduled disability under the applicable Guides should govern the disability classification.

We therefore conclude that the administrative law judge misinterpreted *State Compensation Fund v. Bunch* and misapplied *res judicata* principles to the present case. The Guides govern claimant's disability classification.

The award is set aside.

BROOKS and CORCORAN, JJ., concur.