[Civil No. 4509.   Filed November 2, 1942.]

[130 Pac. (2d) 507.]

DAVID J. STEPHENS, Petitioner, v. MIAMI COP-
PER COMPANY, Defendant-Employer, and THE
INDUSTRIAL COMMISSION OF ARIZONA,
Defendant-Insurance Carrier, Respondents.

Mr. Wm. H. Chester, for Petitioner.

Messrs. Morris & Malott, and Mr. James R. Malott, Jr., for Respondent Defendant-Employer.

Mr. Rouland W. Hill, for Respondent Industrial Commission.

LOCKWOOD, C. J.—On October 17, 1936, David J. Stephens, petitioner, filed a claim with the Industrial Commission of Arizona, called the commission, for injuries occurring in the course of his employment by Miami Copper Company. On January 25, 1937, the commission awarded him compensation in the amount of $286 for temporary disability. Motion for rehearing was duly made and granted, and an amended award of $200 additional for permanent partial disability was made. Petitioner accepted this and waived any further rehearing or the right of appeal, and released all further claims on account of his injuries. The medical authorities on whose reports both awards were based were Doctors John E. Bacon, R. F. Palmer, then the medical adviser of the commission, and Thomas W. Woodman. There was a difference of opinion among them as to petitioner's condition and its cause.

On July 31, 1941, petitioner applied to have the case reopened on the ground that further complications resulting from the injury had developed which were not known to the commission at the time of the previous award. The commission reopened the case and

petitioner was examined by Dr. R. F. Palmer, who had examined him before the first two awards but was no longer the medical adviser of the commission, Dr. James R. Moore, the assistant medical adviser of the commission, and the Pathological Laboratory in Phoenix, all making reports to the commission as to the result. The report of Dr. Palmer was filed August 15, that of Dr. Moore August 14, and that of the Pathological Laboratory August 19. Thereafter petitioner was twice examined by the medical advisory board, and a report submitted, the first dated August 25 and the second October 27, 1941. He was also X-rayed and given further tests by the Pathological Laboratory which reports on the results of its tests.

On December 29, 1941, a hearing was held before the commission's referee, petitioner being present in person and by his attorney, Wm. H. Chester, and James A. Malott as representing the employer. The various reports referred to were offered in evidence, and counsel for petitioner stated that he desired to cross-examine all of the members of the medical advisory board who signed its reports. Doctors C. E. Yount, F. W. Butler, H. B. Lehmberg, J. B. Littlefield, Warner W. Watkins and James Lytton-Smith, being all of the members of the board who signed the two reports above referred to, were examined and cross-examined by counsel. Among the questions most of them were asked as to whether, in making their examinations, they had read and taken into consideration the last report made by Dr. R. F. Palmer. Dr. Yount stated he had no recollection of having seen Dr. Palmer's report before the medical advisory board considered the case and rendered its opinion. Dr. Butler stated that he had not read the report. Dr. Lehmberg was not asked whether he had read it. Dr. Littlefield stated he thought he had considered Dr.

Palmer's report, but was not certain. Dr. Watkins stated specifically that he had examined the report and considered it. Dr. Lytton-Smith stated that he thought he had read it and that it was also read to the entire board. Several stated it would have been better practice to take into consideration the opinion and report of Dr. Palmer before reaching a conclusion. During the hearing counsel for petitioner stated that he desired to cross-examine Dr. Palmer, but there is nothing in the record to show that a request was made that Dr. Palmer be subpoenaed or that he ever did appear, and petitioner submitted his case on the record as made, without so far as the record shows insisting upon the presence of Dr. Palmer. The report of Dr. Palmer substantially concluded with a statement that the disability of petitioner had markedly increased since the previous award was made, together with his medical reasons for such a conclusion, and that this was a result of the original injury. The report of Dr. Moore was to the effect that there was nothing except petitioner's own statement to show that there had been any new development since that award. The unanimous report of the medical advisory board on that point was as follows:

"The question which the Board has been requested to determine is whether there is new and additional disability developing in this patient since April 1, 1937. Based on the patient's description of his condition at the date mentioned and on the record of findings of Dr. T. W. Woodman, as contained in his report dated March 31, 1937, this Board does not find that the disability has increased or is any greater than indicated by Dr. Woodman's findings of March 31, 1937."

The commission found as follows:

"4. That the evidence is insufficient to establish that any new and additional disability which has developed since April 1, 1937, is the result of the injury

sustained by the applicant on October 2, 1936, while in the employ of the above named defendant employer.''

and denied any further compensation, and the matter was brought before us in the usual manner.

■■ The first question for our consideration is whether we can go back of the award of April 1, 1937. It will be noted that petitioner had a hearing and a rehearing on his condition at that time; that he was examined by three reputable physicians who disagreed as to his then condition, and the commission made an additional award on the rehearing, which was accepted by petitioner, and a release and waiver of right of rehearing and an appeal signed. Even if we disregarded this release and waiver as being invalid, the fact remains that petitioner did not, within the time permitted by our statute, seek to have either award reviewed by this court. We have held repeatedly that under such circumstances the award may not be questioned nor reopened so far as any facts existing at that time are concerned, and it is conclusive as to the amount of petitioner's injuries then existing, and as to the proper amount of award therefor at that time. *Schultz* v. *Industrial Comm.*, 44 Ariz. 357, 37 Pac. (2d) 372. But it is also the law that if, as a result of the original injury, after the time of the award petitioner's condition becomes aggravated, he may petition that his case be reopened, and if he shows such aggravation he is entitled to compensation for it, but not for the original condition for which the award has already been made. *Zagar* v. *Industrial Comm.*, 40 Ariz. 479, 14 Pac. (2d) 472.

When, therefore, petitioner alleged that his condition had become aggravated as a result of the original injury, the commission very promptly granted him a hearing on that issue, and on that alone. The question then before us is whether the evidence shows conclusively such aggravation existed, or whether there

is reasonable evidence sustaining the finding of the commission that it did not.

We have the very familiar situation where medical experts differ as to the conclusion, and we have held, without exception, that where there is a conflict in the evidence on this point, we are bound by the findings of the commission. *Holloway* v. *Industrial Comm.*, 34 Ariz. 387, 271 Pac. 713; *Schultz* v. *Industrial Comm., supra.*

Petitioner, however, argues that this case presents certain factors which take it out of the general rule. In the first place, he contends that the negative testimony of the advisory board and of Dr. Moore should not be given as much weight as the affirmative testimony of Dr. Palmer. We have already passed on this question in the case of *Ison* v. *Western Vegetable Distributors,* 48 Ariz. 104, 59 Pac. (2d) 649, and held that the general rule invoked by petitioner does not apply to opinion evidence.

It is next urged that the commission erred in that it did not construe the evidence liberally in favor of the injured man. This, of course, is the rule prescribed by law, but there is nothing in the law which determines what is a liberal and what is a strict construction of the evidence, and certainly in this case we cannot say that because the commission believed seven doctors, instead of one, that they necessarily violated the rule of liberal construction. After all, that rule does not require the commission to disregard the general rules for judging the credibility of witnesses, and the weight, effect and sufficiency of their testimony.

But the point which petitioner urges most strenuously is that the medical advisory board failed to take into consideration, in forming its opinion, the report of Dr. Palmer made August 15, 1941. As to whether it did or did not consider this report, the

evidence is conflicting. One of the board says he did not; another says he has no recollection of it; a third was not asked in regard to it; and the other three state more or less positively that they considered it, one going so far as to say it was read to the entire board. The report of the board dated August 25, 1941, and signed by all its members, expressly refers to all of Dr. Palmer's reports, including that of August 15, and states "these reports were carefully studied by the board." Dr. Palmer's report was certainly presented and considered and was available to the commission before the final award was made after the hearing on December 29, 1941. Dr. Palmer, so far as the record shows, could have been called at that hearing and testified orally. It is true that counsel for petitioner stated that he desired to cross-examine him, but there is nothing to show that any effort was made by any one to secure his presence for that purpose. Under all those circumstances the most we can say is that the commission could, and doubtless did, take into consideration the situation shown by the record on this point in determining which medical conclusions they would believe.

If the evidence was conclusive as a matter of law that the present condition of petitioner was aggravated beyond that which existed on April, 1937, and that this aggravation was caused by the original accident for which he received compensation as of that date, we would necessarily set aside the award. Since the evidence on both these points is conflicting we cannot say, as a matter of law, that the commission was not authorized to make the finding and award which it did.

The award is affirmed.

McALISTER and ROSS, JJ., concur.