177 P.2d 225
**PHELPS DODGE CORPORATION v.
ULMER et al.**

No. 4913.

Supreme Court of Arizona.

Feb. 10, 1947.

Evans, Hull, Kitchel, Ryley & Jenckes, Denison Kitchel, Guynn & Twitty and C. Leo Guynn, all of Phoenix, for petitioner.

John R. Franks and H. S. McCluskey, both of Phoenix, for respondents.

STANFORD, Chief Justice.

This case comes before us on a writ of certiorari, petitioner claiming the action of the respondent the Industrial Commission of Arizona, was unlawful in entering a certain award to respondent W. B. Ulmer on May 3, 1946.

On November 15, 1941, Ulmer, while employed by petitioner, sustained a personal injury arising out of and in the course of his employment. On April 26, 1943, he filed his first claim for compensation with the Industrial Commission of Arizona. Thereafter until November 2, 1945, Ulmer was treated for injuries to his back; received many examinations by physicians; was paid accident benefits and compensation for total temporary disability, and on the last date mentioned, the Commission entered its "Decision upon Rehearing and Fifth Amended Findings and Award". Among the findings are:

"That the medical evidence reflects that said applicant is physically competent and capable of resuming his usual work; that work is available and has been offered to said applicant by the defendant employer, at a wage in excess of that for which he was employed at the time of said injury.

"That said applicant has suffered no loss of earning power as the result of said personal injury."

The following clause also appears at the close of the findings and award: "* * * that any party aggrieved by this award may apply for rehearing of the same, by filing application therefor at the office of this Commission, within Twenty Days after the service of this Award, as provided by the rules and regulations of this Commission; and that jurisdiction be, and it is hereby reserved to alter, amend or rescind this award upon good cause."

The medical board composed of six physicians, stated in its report: "Conclusion. As a result of our examination we are of the opinion that no further treatments or examination are necessary and that there is no new and additional disability over and above the estimate made on August 6, 1945."

On December 12, 1945, Ulmer filed a Petition and Application for Rehearing, which was denied by the Commission on

December 19, 1945. From that action no appeal was taken to this court. On January 30, 1946, Ulmer filed with the Commission his petition to reopen the case on the ground that he had suffered new and additional disability and in April, 1946, the Commission granted an examination by its medical board and the conclusion of that examination is as follows: "As a result of our examination, we are of the opinion that no further treatments or examinations are necessary and that there is no new and additional disability over and above the estimate made on August 6, 1945."

And on April 30, 1946, the Commission in its award stated: "Award is hereby made affirming the Amended Decision upon Rehearing and Fifth Amended Findings and Award of November 2, 1945; and that applicant take nothing by reason of his Petition and Application for Readjustment of reopening of Claim."

In that award the Industrial Commission also stated: "The evidence conclusively shows, and there is no conflict in said evidence, that said applicant is suffering no new or additional disability."

However, on May 3, 1946, the Industrial Commission rescinded its Findings and Award of April 30, 1946, and made an award allowing compensation from January 30, 1946. Following that award petitioner filed an application for rehearing, which was denied by the Commission, the denial of which was the cause of petitioner obtaining a writ of certiorari, which is now under consideration.

Petitioner contends that the award of November 2, 1945, is final and res judicata as to respondent Ulmer's condition on that date.

Another contention is that there being no finding that shows he sustained a loss of earning power and no findings of the extent of such loss, the award of May 3, 1946, is unlawful.

In respect to the matters disposed of in the Fifth Amended Award, in our case of Radaca v. United States Smelting, Refining & Mining Co., 62 Ariz. 464, 158 P.2d 540, 543, we said: "When the award becomes final by failure to appeal, it is res judicata as to all matters determined thereby. The award must be considered as in full and complete satisfaction for the injury and disability as it existed at the time of the award. Zagar v. Industrial Comm., supra [40 Ariz. 479, 14 P.2d 472]; Scott v. L. E. Dixon Co., 42 Ariz. 525, 27 P.2d 1109; Muehlebach v. Dorris-Heyman Furniture Co., 43 Ariz. 526, 33 P.2d 339; Harambasic v. Barrett & Hilp & Macco Corp., 58 Ariz. 319, 119 P.2d 932; Stephens v. Miami Copper Co., supra [59 Ariz. 528, 130 P.2d 507, 509]."

While the award of November 2, 1945, being the Fifth Amended Findings and Award, contained the closing clause that "Jurisdiction be, and it is hereby reserved to alter, amend or rescind this award upon

good cause," this award was the final award as indicated by the denial of a motion for rehearing, from which no appeal was taken.

Also, in regard to Ulmer's petition before the Commission to reopen his case on January 30, 1946, on the ground that he had suffered new and additional disability, we quote from the Mayo Clinic from a letter signed by W. H. Beckel, dated January 2, 1946, wherein it states: "He has made satisfactory progress. X-rays taken at this time show the spinal fusion to be solid, and Mr. Ulmer has been advised that he may perform moderately strenuous activities. His back will never be normal, and he may never be able to do very hard work. I have given this patient a permanent partial disability rating of 12 per cent."

A letter from Dr. James Henry Allen of Prescott, Arizona, which was dated February 27, 1946, stated:

"X-rays taken January 1st, 1946, show the spinal fusion to be solid, and he was advised by the Mayo Clinic that he could do 'moderately strenuous activities'.

"In my opinion, Mr. Ulmer's back will never be normal and it is questionable if he will ever be able to resume his work as a miner."

In regard to the work that was submitted to the respondent Ulmer, by his employer, a list of several jobs were submitted, at a wage, as heretofore stated, higher than he had been paid, among them that of topman, motor swamper, sanitary nipper and tool nipper.

On April 8, 1946, however, Ulmer was examined again by the Commission's medical advisory board, consisting of six doctors, which again affirmed their previous conclusion that there was no new and additional disability over and above the estimate of August 6, 1945.

Our case of Radaca v. United States Smelting, Refining & Mining Co., supra, also definitely disposes of this issue, wherein it states: "This brings us to the main question of the case, was there any additional or new disability that could be attributed to the accidental injury not comprehended within the terms of the original award. We have held that the commission has continuing power over its awards, but that this power can be exercised only by the showing of additional and new disability attributable to the accident, not known at the original hearing and which could not have been considered in making the first award. Zagar v. Industrial Comm., 40 Ariz. 479, 14 P.2d 472; Stephens v. Miami Copper Co., 59 Ariz. 528, 130 P.2d 507; Rhoades v. Lee Moor Contracting Co., 60 Ariz. 161, 132 P.2d 432; Hogle v. Arizona Concrete Co., 44 Ariz. 1, 33 P.2d 589; Russell v. Bald Eagle Min. Co., 44 Ariz. 105, 33 P.2d 616; sec. 56-967, A.C.A.1939."

In neither the report or letter from the Mayo Clinic nor from Dr. Allen, did they say that there was additional and new disability attributable to the accident.

184

To be consistent with the law laid down in other cases, we are compelled to set aside the award. It is so ordered.

LaPRADE and UDALL, JJ., concurring.