540 P.2d 737
**ARIZONA STATE WELFARE DEPARTMENT, and State Compensation Fund, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Beatrice Weber, Respondent Employee.**

**No. I CA–IC 1162.**

Court of Appeals of Arizona,
Division 1,
Department C.

Sept. 30, 1975.

Robert K. Park, Chief Counsel State Compensation Fund by J. Victor Stoffa, Phoenix, for petitioners.

Greg L. Folger, Chief Counsel Industrial Commission of Arizona, Phoenix, for respondent.

Gorey & Ely by Stephen L. Weiss, Phoenix, for respondent employee.

## OPINION

WREN, Judge.

This review by certiorari challenges an award of the Industrial Commission which granted respondent's petition to reopen her claim.

The primary contention of petitioner, the insurance carrier, is that respondent, Beatrice Weber, failed to sustain her burden of proving a new, additional or previously undiscovered disability. Specifically stated, petitioner asserts that the evidence on

respondent's condition as of the time of the reopening of her claim, was not expressed in terms relative to her condition on the date the prior final award terminated benefits. We agree with petitioner that the award must be set aside.

On July 6, 1967, respondent suffered severe injuries in an automobile accident while in the course of her employment. Her claim for workmen's compensation benefits was accepted by the carrier. In September of 1972, the Commission entered an award terminating all benefits as of January 13, 1972, based upon its finding that the medical evidence reflected that respondent sustained no physical or mental disability attributable to her industrial accident. The award contained no findings indicating what evidence was considered or relied upon in support of its conclusion. Subsequently, the award became final.

In April of 1973, respondent filed a petition to reopen her claim. It was denied by the carrier. After protest, hearings were held which resulted in an award being entered on September 12, 1973, granting the reopening. Specifically stated, the award found that respondent had a psychiatric condition which was new, additional or previously undiscovered, and that it was related to her industrial injury. The award was affirmed by the Commission on review and petitioner thereafter filed its petition for writ of certiorari with this Court.

■ It is well established that the burden is on the one seeking reopening to establish the existence of a new, additional or previoulsy undiscovered condition, which is causally related to the industrial episode. *Dennis v. Industrial Commission,* 20 Ariz.App. 375, 513 P.2d 382 (1973); *Davila v. Industrial Commission,* 98 Ariz. 258, 403 P.2d 812 (1965). Evidence establishing a change in condition must be comparative, not absolute, in nature. *State Compensation Fund v. Industrial Commission,* 23 Ariz.App. 505, 534 P.2d 436 (1975); *see Harris v. Industrial Commission,* 75 Ariz. 71, 251 P.2d 890 (1952); *Si-*

*queiros v. Industrial Commission,* 20 Ariz. App. 104, 510 P.2d 415 (1973).

From our review of the record, it appears that the hearing officer based his finding that petitioner was entitled to have her claim reopened, solely upon the testimony of Dr. Paul Bindelglas, a psychiatrist. Dr. Bindelglas originally examined respondent in 1969. Following his examination, the doctor apparently submitted a report as to his findings to the Commission. While that report is not contained in the Commission's file before this Court, Dr. Bindelglas' testimony at a December 1973 hearing revealed its substance. He clearly indicated his belief that petitioner, as of the date of his 1969 examination, had a mental disability causally related to the industrial episode. Dr. Bindelglas examined petitioner next in 1973. The doctor testified that as of the date of his last examination in 1973, petitioner demonstrated a depressive condition which was not present in his previous examination and which constituted a new disability.

■ We agree with petitioner's contention that Dr. Bindelglas' testimony as to respondent's mental condition in 1973, expressed in terms comparative to her mental condition in 1969, is irrelevant and fails to support the finding of a new disability mandating reopening of her claim. It is not irrelevant simply because it is too far removed from the relevant date as of which her condition became fixed by the award for purposes of reopening—January 1972. The hearing officer has discretion to determine whether evidence is material on the issue of a claimant's mental or physical condition, not strictly on the basis of when the evidence was obtained, but on the basis of whether it will shed light on the issue. *Cf. Murdoch v. Industrial Commission,* 15 Ariz.App. 56, 485 P.2d 1173 (1971).

■ "It is irrelevant because the testimony of Dr. Bindelglas, though on its face comparative in nature, does not compare her 1973 condition with the condition

which the 1972 finding conclusively established. The hearing officer in 1972 found respondent to have had no mental disability causally related to the industrial episode. That finding and all other facts which were or could have been decided at that time became res judicata and are conclusive on us now. *Ringgold v. Industrial Commission,* 21 Ariz.App. 273, 518 P.2d 592 (1974); *Whitley v. Industrial Commission,* 19 Ariz.App. 519, 508 P.2d 778 (1973); *Talley v. Industrial Commission,* 105 Ariz. 162, 461 P.2d 83 (1969). Since Dr. Bindelglas' testimony related respondent's condition to a time when she had a mental disability, but the 1972 award is conclusive as to the fact that she had no mental disability causally related to her industrial accident in January 1972; and since we must assume that the hearing officer considered all the evidence before him in reaching his decision, *Scott v. Industrial Commission,* 11 Ariz.App. 20, 461 P.2d 499 (1969), we can only conclude that there was other evidence pertaining to respondent's mental condition as of January 1972, contrary to Dr. Bindelglas' opinion, which formed the basis for the finding of no mental disability. It is that other evidence which would be relevant to the reopening of respondent's case. Since the doctor's assertion was not based on a comparison to that evidence, it cannot sustain the finding of the Commission that respondent had a new disability. The findings and award must therefore be set aside as wholly unsupported by the evidence.

Petitioner raised one other issue which requires at least a brief treatment.

A.R.S. § 23–1061(H) provides in pertinent part:

"An employee may reopen his claim to secure an increase or rearrangement of compensation or additional benefits by filing with the commission a petition requesting the reopening of his claim upon the basis of new, additional or previously undiscovered temporary or permanent condition, *which petition shall be accompanied by a statement from a physician setting forth the physical condition of the employee relating to the claim."* (Emphasis added).

Respondent filed her petition to reopen on April 26, 1973. The petition was accompanied by the report of a psychologist, Lillie Weiss, Ph.D., in which the respondent's mental condition was described.

Petitioner contends that the petition was jurisdictionally defective, hence null and void, because it was written by a *psychologist* and not a physician. We agree that the report was insufficient under the statute.

A.R.S. § 23–1061(H) is specific in its requirement that physical condition shall be ascertained by a physician. Further, while A.R.S. § 36–501 defines a "licensed physician" as a physician or surgeon licensed to practice medicine; statutes regulating the practice of psychology specifically prohibit the practice of medicine. A.R.S. § 32–2084.

Clearly, the use of the word "physician" by the legislature in drafting A.R.S. § 23–1061(H) excludes psychologists. The report of a psychologist, therefore, failed to meet the statutory requirement.

However, the defect was waived by petitioners' failure to raise any objection to the testimony of respondent's physician at the hearing, and mooted any need for a formal physician's report to be filed with the petition to reopen. The objection having been waived, the matter cannot be raised on review.

Since the remaining issues urged by petitioner are directed at aspects of the proceeding below which will become moot upon setting aside the award for a hearing *de novo* before the Industrial Commission, we see no point in discussing them here.

The award is set aside.

NELSON, P. J., and STEVENS, J., concur.