548 P.2d 1177

**STANDARD BRANDS PAINT CO.,**
**Petitioner Employer,**

**State Compensation Fund, Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Bobbie L. Sweet, Respondent Employee.**

**No. I CA–IC 1406.**

Court of Appeals of Arizona,
Division 1,
Department C.

May 4, 1976.

Rehearing Denied June 4, 1976.
Review Denied June 29, 1976.

Lewis & Roca, by James B. Long, Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, for petitioner employer and petitioner carrier.

Greg L. Folger, Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Donald J. Morgan, Phoenix, for respondent employee.

## OPINION

HAIRE, Chief Judge, Division 1.

The State Compensation Fund sought review by certiorari of the respondent Commission's decision upon review affirming an award granting reopening in favor of the respondent employee, Sweet. The Fund maintains that there was no evidence to support a reopening based upon a new, additional or previously undiscovered condition or disability causally related to the industrial injury, and that therefore the Commission was without jurisdiction to act as it did.

The respondent had sustained a compensable injury to his back arising out of and in the course of his employment. Temporary benefits and compensation which he received as provided by law were eventually terminated by a notice of claim status issued by the Fund. The respondent requested a hearing. On July 30, 1973, the hearing officer issued a decision upon hearing and findings and award for temporary disability finding that the respondent's condition was stationary, that there was no permanent physical or mental disability, and that the respondent was suffering from a preexisting condition of the spine termed spondylolysis which was the cause of his continuing physical problems.

Conflicting testimony was given at the July 1973 hearing by medical experts. Basing his diagnosis upon a physical examination, X-rays and a myelogram, Dr. Goldsmith, an orthopedic surgeon, concluded that the respondent was suffering from a preexisting disease, spondylolysis. Doctor Goldsmith further testified that the respondent's present condition was stationary. Doctor Hunter, also an orthopedic surgeon, testified that the respondent was suffering from a preexisting spondylolysis and a spondylolisthesis, the latter caused by the industrial accident. This diagnosis was based upon a myelographic report, but without the aid of X-rays. The hearing officer's findings and award were as previously mentioned. These findings were affirmed on September 13, 1973, with review by the Court of Appeals not being sought. The petition to reopen was filed by the respondent less than two months later, on October 26, 1973.

At the hearing to reopen, Dr. Goldsmith's testimony was substantially identical to that given at the earlier hearing. Doctor Hunter maintained that as a result of a recently administered discogram, it was clear that the respondent was suffering from a herniated disc and spondylolisthesis, which was a result of the original industrial accident. The hearing officer concluded that

the respondent had sustained his burden of proof in showing a new, additional or previously undiscovered condition causally related to the industrial injury.

Petitioner maintains that Dr. Hunter's reopening hearing testimony was similar to the testimony he gave at the original hearing and merely deals with the issue of whether respondent's condition is spondylolysis or spondylolisthesis, an issue which was raised at, and settled by the original hearing.

 In reviewing the awards of the Industrial Commission this Court will view the evidence in a light most favorable to sustaining the award, and the findings will be upheld if reasonably supported by the evidence. *Micucci v. Industrial Commission*, 108 Ariz. 194, 494 P.2d 1324 (1972); *In re Estate of Bedwell*, 104 Ariz. 443, 454 P.2d 985 (1969). A petitioner who, as authorized by A.R.S. § 23–1061 H, petitions to reopen his claim upon the basis of new, additional or previously undiscovered temporary or permanent condition must affirmatively show each element of his claim to reopen. *In re Estate of Bedwell, supra.* The alleged new condition must have been previously unknown and not considered at the time of the original award. *Davila v. Industrial Commission,* 98 Ariz. 258, 403 P.2d 812 (1865); *Figueroa v. Industrial Commission,* 22 Ariz.App. 594, 529 P.2d 1188 (1974).

We agree with the Fund's contention that the evidence presented at the reopening hearing did not concern a new, additional or previously undiscovered condition. The applicant failed to sustain his burden of proof. Doctor Hunter's testimony, which was supported by the discogram, was no more than additional evidence of a diagnosis of the respondent's physical condition which had been presented at the original hearing. Since we must assume that the hearing officer considered all the evidence presented at the original hearing, *Arizona State Welfare Dept. v. Industrial Com'n,* 25 Ariz.App. 6, 540 P.2d 737 (1975); *Scott v. Industrial Commission,* 11

Ariz.App. 20, 461 P.2d 499 (1969), Dr. Hunter's diagnosis must have been rejected in favor of that of Dr. Goldsmith. Because the hearing officer's award was affirmed and not appealed to this Court, the award became final with resulting *res judicata* effect.

Since no evidence was introduced at the reopening hearing which supported a finding of a new disability that was neither known of nor considered in making the earlier award, the Commission erred in granting reopening. The award is therefore set aside.

NELSON, P. J., and EUBANK, J., concurring.