589 P.2d 466

**Efren A. GARROTE, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Grand Road Lumber Company, Respondent Employer,**

**Home Insurance Company, Respondent Carrier.**

**No. 1 CA–IC 1809.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 21, 1978.

Rehearing Denied Dec. 29, 1978.

Review Denied Jan. 16, 1979.

Gilbert Gonzalez, Tucson, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by J. Victor Stoffa, Phoenix, for respondents employer and carrier.

**224**

## OPINION

SCHROEDER, Judge.

This is a review of an Industrial Commission award denying benefits. The dispositive question is whether the hearing officer properly denied a reopening after finding that petitioner suffered from a disability which was in existence at the time of the prior closing of his claim but which had not been diagnosed by any doctor at that time. We hold that under the circumstances of this case, the hearing officer should have granted a reopening on the basis of a "previously undiscovered" condition, and we set aside the award.

The petitioner, Efren A. Garrote, suffered an industrial injury to his back while employed by the respondent-employer, Grant Road Lumber Company, in July, 1971. The claim was accepted for benefits and thereafter closed by the respondent-carrier, the Home Insurance Company, in June, 1973, with the issuance of a Notice of Claim Status finding no permanent disability. That Notice of Claim Status was supported by reports of John W. McCracken, Jr., D.O., who released petitioner for work without disability. No protest was filed, and that award became final.

Petitioner subsequently returned to his prior employment. He re-injured his back in April, 1976, and thereafter filed a petition to reopen the 1971 claim, and a claim for a new injury in connection with the 1976 episode. The two matters were consolidated for hearings.

The expert testimony at the hearing was conflicting. One doctor testified that petitioner's 1976 injury had aggravated his first industrial injury and another doctor stated that petitioner's second injury had contributed to a permanent, physical impairment of his back. Two doctors, however, disagreed with these opinions. It was their opinion that petitioner had not suffered a lasting impairment due to the 1976 injury, but that he had suffered a permanent, physical disability as the result of the 1971 industrial injury. Dr. McCracken did not testify. Thus, all of the medical evidence at the hearing was to the effect that the petitioner had sustained a permanent industrial disability.

None of the doctors testifying at the hearings had examined petitioner prior to the closing of his first claim in 1973 and none of their views were available either to the petitioner or to the carrier at that time.

The hearing officer nevertheless denied benefits. He accepted the opinion that petitioner's disability was solely due to the 1971 injury, and held that since the disability was in existence at the time the original claim had been closed without protest, he is not entitled to a reopening. The hearing officer relied upon *Aetna Insurance Co. v. Industrial Comm'n*, 115 Ariz. 110, 563 P.2d 909 (App.1977); *Taylor v. Industrial Comm'n*, 20 Ariz.App. 46, 509 P.2d 1083 (1973), and *Whitley v. Industrial Comm'n*, 19 Ariz.App. 519, 508 P.2d 778 (1973).

■ A.R.S. § 23–1061(H) allows the reopening of a claim to permit additional benefits under certain limited circumstances. These are when the applicant is able to show that he is suffering from a "new, additional or previously undiscovered" condition. These provisions are designed to mitigate the harsh consequences of general res judicata principles which would preclude any reexamination whatsoever of an applicant's claim once it is litigated or closed without protest. *State Compensation Fund v. Bunch*, 23 Ariz.App. 173, 531 P.2d 549 (1975); *Cowan v. Industrial Comm'n*, 18 Ariz.App. 155, 500 P.2d 1143 (1972).

■ In this case, based upon the hearing officer's finding that petitioner's problem was in existence at the time of the original closing, it cannot be said that he is suffering from a "new" or "additional" condition. The Commission found no change. However, the absence of a change does not, in our view, preclude a finding that the condition was "previously undiscovered." Indeed, the words "previously undiscovered" by their very terms connote a condition which was in existence previously, at the time a claim was closed. While respondent argues that there must be comparative

medical evidence establishing a change in physical condition to justify any reopening, the cases relied upon relate to alleged "new" or "additional" problems and not to a previously undiscovered condition. *E. g., Bishop v. Industrial Comm'n*, 94 Ariz. 65, 381 P.2d 598 (1963); *Phelps Dodge Corp. v. Ulmer*, 65 Ariz. 180, 177 P.2d 225 (1947); *Standard Brands Paint Co. v. Industrial Comm'n*, 26 Ariz.App. 365, 548 P.2d 1177 (1976); *Arizona State Welfare Dep't. v. Industrial Comm'n*, 25 Ariz.App. 6, 540 P.2d 737 (1975). *See also Capitol Foundry v. Industrial Comm'n*, 27 Ariz.App. 79, 551 P.2d 69 (1976).

We are aware that our reporter system contains a number of cases in which claims for reopenings on the basis of previously undiscovered conditions have been denied. However, our review of those cases convinces us that in virtually every one, the condition for which benefits were sought had, in fact, been discovered prior to the original closing of the claim. Thus, in *Aetna Insurance Co. v. Industrial Comm'n*, the condition was clearly known both to the doctor and the applicant prior to the original closing and the Court held that the applicant could not circumvent the finality of that award by terming his condition "permanent" rather than "temporary." The Court emphasized that the applicant's doctor knew of the problems when the case was originally closed.

In the instant case, no lower back problem whatsoever, temporary or permanent, was diagnosed at the time of the original closing.

In *Whitley v. Industrial Comm'n*, the physician admitted in the course of his testimony that the claimant's condition was not new, additional or previously undiscovered. In *Taylor v. Industrial Comm'n*, there was evidence in existence at the time of the original closing showing a disability, although the applicant was unaware of it. The Court there, rather than granting a reopening, permitted an inquiry into whether the applicant's ignorance of that evidence justified her failure to protest the original no disability award. More recently

in *Magma Copper Co. v. Industrial Comm'n*, 115 Ariz. 551, 566 P.2d 699 (App.1977), the Court held the claim for reopening should have been denied when the evidence showed a long medical history of the problems complained of in the reopening proceeding and not previously asserted. In contrast to these cases, *O'Donnell v. Industrial Comm'n*, 23 Ariz.App. 367, 533 P.2d 675 (1975), held that a previously undiscovered residual of prior surgery was compensable in a reopening proceeding.

In this case, the disability, while in existence at the time of the previous award had not, in fact, been discovered by anyone. To hold in this situation that a reopening is nonetheless unavailable would result in a judicial eradication of the clear language of the statute permitting a reopening where a condition is "previously undiscovered."

Neither the language of the statute, nor its purpose of mitigating the effects of res judicata should sanction preclusion of a reopening in the situation presented here.

The award is set aside.

NELSON, J., concurs.

WREN, Presiding Judge, dissenting.

I disagree. The theory of the majority decision simply does not fit the facts of this case. Both petitioner and Dr. McCracken knew at the time of closing of the original claim that he had suffered a *disabling back injury*. In fact, laminectomy surgery was performed by Dr. McCracken and disability benefits were paid and accepted. The fact that the disability was considered during the course of treatment as temporary only and eventually closed with a finding of no permanent disability did not throw it into the category of an undiscovered or unknown condition when it was later diagnosed by other physicians to have constituted a permanent disability at the time it was closed.

I have no quarrel with the fact, as stated by the decision, that no "change" in physical condition need be shown as to a previously undiscovered and unknown condition, Cf. *Capitol Foundry v. Industrial Comm'n*, 27 Ariz.App. 79, 551 P.2d 69 (1976), but this case simply does not fit that category.

Contrary to the majority I find *Aetna Insurance Company*, relied upon by the hearing officer, to be squarely in point. In *Aetna* (also a back injury case) this court rejected the contention that no change in condition need be shown on a petition to reopen when the medical testimony was simply that the original award was wrong in finding no permanent disability:

At most, this opinion would constitute newly discovered evidence that the original award was incorrect. Such newly discovered evidence is insufficient to sustain the reopening of an award that has become final and res judicata. *Black v. Industrial Commission*, 89 Ariz. 273, 361 P.2d 402 (1961); *Terrell v. Industrial Commission* [24 Ariz.App. 389, 539 P.2d 193 (1975)] supra.

Cf. also *Whitley v. Industrial Commission*, 19 Ariz.App. 519, 508 P.2d 778 (1973).

In my opinion the holding by this court subverts the purpose of § 23-1061(H). Moreover, I doubt that even a soothsayer could envision the problems that will arise if back injury claimants are permitted to reopen an award, without showing a change in condition, by merely claiming that the permanency of the injury was unknown on the date of closing.

I would affirm the award.