616 P.2d 52

SMITTY'S SUPER VALU, INC., and
United States Fidelity & Guaranty
Company, Petitioners,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Max E. Sterrett, Respondent Employee.

No. 1 CA–IC 2179.

Court of Appeals of Arizona,
Division 1,
Department C.

Dec. 18, 1979.

Rehearing Denied Jan. 24, 1980.

Review Granted Feb. 20, 1980.

Moore, Jennings, Kepner, Scheffing &
Hart by Craig R. Kepner and John R. Cun-
ningham, Phoenix, for petitioners.

James L. Stevenson, Chief Counsel, Phoe-
nix, for respondent The Industrial Commis-
sion of Arizona.

Jerome & Gibson, P. C. by Don A. Fendon
and Richard A. Gibson, Phoenix, for respon-
dent employee.

OPINION

HAIRE, Presiding Judge.

The question in this Special Action–In-
dustrial Commission is whether the evi-
dence supports the hearing officer's award
granting a petition to reopen for a new,
additional or previously undiscovered condi-
tion. We find that it does not and set aside
the award.

Respondent employee Max E. Sterrett
was injured in the course of his employment
at Smitty's Super Valu, Inc. on October 27,
1976 when he injured his back while lifting
a cart loaded with boxes of meat. His
workmen's compensation claim was accept-
ed for benefits and closed without perma-

nent disability by an award issued on August 26, 1977. That award became final.

On November 14, 1977, respondent filed a petition to reopen his workmen's compensation claim alleging a new, additional or previously undiscovered disability or condition causally related to his industrial injury. The petition was denied by petitioner carrier's notice of claim status on January 27, 1978. Respondent filed a timely request for hearing and formal hearings were conducted before the Industrial Commission on May 19, and September 12, 1978. The hearing officer's award, entered on October 30, 1978, granted the petition to reopen, finding the evidence sufficient to establish that respondent had sustained a new, additional or previously undiscovered disability or condition causally related to his industrial injury of October 27, 1976. The award was affirmed on administrative review. The petitioners, the carrier and employer, then filed their special action in this Court.

■ We agree with the argument of petitioners that the evidence fails to support reopening in this case. Respondent employee's own testimony indicates that although his low back pain waxes and wanes in severity, his condition is essentially unchanged from the time the claim closed originally. And, there is no medical evidence that petitioner's symptomatology of low back pain has undergone any significant change since the date the claim closed originally on August 26, 1977.

■ The testimony of J. Rodney Pitts, M.D., cannot support respondent's petition for reopening. Dr. Pitts, respondent's treating physician, desired reopening in this case so that he could explore the possibility of a new diagnosis, discogenic disease, in regard to respondent's low back pain. However, in the absence of a showing that the condition itself is new, additional or previously undiscovered, the fact that Dr. Pitts now has a new diagnosis to explain the condition is not a sufficient basis for reopening. *Aetna Insurance Co. v. Industrial Commission,* 115 Ariz. 110, 563 P.2d 909 (App.1977). Additionally, Dr. Pitts' testimony fails to support the award because he testified that he had no opinion regarding whether the possible disc disease was related to respondent's industrial injury of October 1976, or whether it was due to a series of injuries sustained by respondent prior to that date.

■ Turning to the question of whether respondent now has a psychiatric condition which is either new, additional or previously undiscovered, we find that there is no medical opinion in the record that respondent's mental condition developed subsequent to the time that the claim closed originally. Maier I. Tuchler, M.D., a psychiatrist, had no opinion regarding when the mental condition developed; William F. Sheely, M.D. was of the opinion that the mental condition existed at the time the claim closed originally. Therefore, this is not a case in which the mental condition can be said to be new or additional. We thus turn to the question of whether respondent's psychiatric condition can be said to be a previously undiscovered disability or condition. Once again, respondent has not shown that he has sustained a change in his low back symptomatology which was found to be nondisabling at the time the claim closed originally. In the absence of evidence that petitioner's psychiatric condition developed subsequent to the time the claim closed originally, Dr. Tuchler's diagnosis that the degree of low back pain is caused by a psychiatric condition rather than an organic cause, is again nothing more than a new diagnosis regarding why respondent suffers from low back pain already determined to be nondisabling. As such, that opinion does not overcome the *res judicata* effects of the previous award. *Aetna, supra.* To the extent that the majority opinion of this Court in *Garrote v. Industrial Commission,* 121 Ariz. 223, 589 P.2d 466 (App.1978) appears to be contrary to *Aetna, supra,* we do not find it persuasive. While the legal principles set forth in *Garrote* are undoubtedly sound, we find little support in the facts presented in *Garrote* for the application of those principles. *See Garrote, supra,* (Wren, P. J., dissenting).

The award is set aside.

CONTRERAS and JACOBSON, JJ., concur.