NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

YRC WORLDWIDE INC, *Petitioner Employer*,

SAFETY NATIONAL INSURANCE COMPANY c/o
SEDWICK CLAIMS MANAGEMENT SERVICES, INC, *Petitioner Carrier*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

BRENT BUCHER, *Respondent Employee.*

No. 1 CA-IC 21-0001
FILED 9-30-2021

Special Action - Industrial Commission

ICA Claim No. 20121-090418
Carrier Claim No. 001033-348964-WC-01
The Honorable Paula R. Eaton, Administrative Law Judge

**AFFIRMED**

COUNSEL

Ritsema & Lyon, P.C., Tempe
By Danielle Vukonich
*Counsel for Petitioners*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Taylor & Associates, P.L.L.C., Phoenix
By Nicholas C. Whitley, Thomas C. Whitley
*Counsel for Respondent Employee*

---

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the court, in which Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

---

**G A S S**, Judge:

¶1        This case concerns whether the Administrative Law Judge (ALJ) of the Industrial Commission of Arizona (IC) erred in reopening Brent Bucher's industrial claim. Safety National Insurance Company and Sedwick Claims Management Insurance Company Inc. (collectively insurer) and YRC Worldwide Inc. appeal the ALJ's decision to reopen Bucher's claim and subsequent decision upon review. We affirm the order because the ALJ's decision to reopen was not wholly unreasonable.

### FACTUAL AND PROCEDURAL HISTORY

¶2        Bucher worked as a trucker for YRC. In 2012, Bucher suffered a work-related injury during a slip-and-fall incident. Bucher later received medical treatment for his injury. In 2013, IC closed Bucher's claim because his condition became stationary. But Bucher's symptoms later worsened, and the shooting pain Bucher initially suffered in his right leg started to travel down to his right foot.

¶3        Because Bucher's symptoms changed, he filed a Petition to Reopen in 2019. The insurer denied Bucher's Petition to Reopen. Bucher timely protested, and the IC held formal hearings.

¶4        Bucher testified his industrial injury occurred when he slipped and fell while exiting his truck. Bucher testified the fall caused him to suffer "shooting pain all the way up [his] back" and in his right leg. Bucher testified he was given epidural shots in his back, pain medications,

2

and chiropractic treatment to treat his symptoms. Further, Bucher testified by 2020, "[t]he symptoms were getting worse"and he was having "shooting pain and burning feeling in the bottom of [his] foot."

¶5        Dr. Jeffery Douglas Scott, one of the doctors who treated Bucher's work-related injury, testified about Bucher's treatment shortly after the incident and Bucher's 2020 visit to his office. According to Scott's testimony, after the case closed, Bucher's condition "progress[ed] from radiculitis to true radiculopathy." Based on this progression, Scott felt surgical intervention or epidural injections may be an appropriate treatment.

¶6        Dr. Anthony Carl Theiler, the doctor who conducted the independent medical examination (IME) for the insurer, testified regarding his assessment of Bucher's condition. At the hearing, Theiler suggested Bucher should continue undergoing a supportive care treatment. Theiler also testified, based on Bucher's IME, Bucher's symptoms and diagnosis have been the same since his case closed in 2013.

¶7        In 2020, the ALJ reopened Bucher's claim after concluding, based on Scott's testimony, Bucher had "a new, additional or previously undiscovered condition causally related to his March 29, 2012, industrial injury . . . ." In 2020, the ALJ affirmed its earlier decision, finding in favor of Bucher.

¶8        YRC timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.2 and 23-951.A.

## ANALYSIS

¶9        This court "will not disturb the resolution of the [ALJ] unless it is wholly unreasonable." *Stainless Specialty Mfg. Co. v. Indus. Comm'n*, 144 Ariz. 12, 19 (1985). This court "deferentially review[s] reasonably supported factual findings but independently review[s] legal conclusions." *Warren v. Indus. Comm'n*, 202 Ariz. 10, 12, ¶ 12 (App. 2002). And this court "view[s] the evidence in the light most favorable to sustaining the award." *Ortega v. Indus. Comm'n*, 121 Ariz. 554, 557 (App. 1979).

¶10        To reopen a closed claim to secure a change in compensation or additional benefits under Arizona's Worker's Compensation Act, a claimant must show a "new, additional or previously undiscovered temporary or permanent condition." A.R.S. § 23-1061.H; *see also Stainless Specialty*, 144 Ariz. at 15. To reopen, the claimant also must show a causal

connection between the need for new or additional treatment and the original industrial injury. *Stainless Specialty*, 144 Ariz. at 19.

¶11            YRC and the insurer first argue the ALJ erred in deciding to reopen Bucher's claim because Bucher provided no comparative evidence showing a change in his condition. YRC and the insurer also argue "Scott failed to point to any diagnostics or any comparative evidence to establish that Bucher has in fact 'progressed from radiculitis to radiculopathy.'" We disagree.

¶12            The insurer is correct "[e]vidence establishing a change in condition must be comparative, not absolute, in nature." *See Ariz. State Welfare Dep't v. Indus. Comm'n*, 25 Ariz. App. 6, 8 (1975); *see also Scroggins v. Indus. Comm'n*, 123 Ariz. 35, 36–37 (App. 1979) (explaining a claimant did not present comparative evidence because he did not present "new, additional, or previously undiscovered" evidence showing a change in his neck and shoulder injury after his claim closed).

¶13            But here, Bucher showed a change in his condition since his case closed in 2013. Scott diagnosed Bucher as having progressed "from radiculitis to true radiculopathy." Bucher testified his injury-related pain spread to new, previously unaffected parts of his body, namely his right foot. And Scott's testimony regarding the radiculopathy diagnosis was comparative because he, in making the diagnosis, compared Bucher's condition in 2020 with Bucher's condition shortly after the accident—when Scott had classified Bucher as having reached maximum medical improvement and his condition as being stationary.

¶14            Next, YRC and the insurer argue Bucher cannot reopen his claim for a change in condition when his application to reopen is based solely on subjective pain. This court has recognized subjective pain cannot be the basis for reopening a worker's compensation claim "if the pain is not accompanied by a change in objective physical findings." *Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491, ¶ 6 (App. 2007) (quoting 1999 Ariz. Sess. Laws, ch. 331, § 9) (affirming an ALJ's decision to deny a claimant's application to reopen his case when he could not show a change in his work-related injury other than increased back pain).

¶15            Bucher testified his subjective pain increased since his claim closed. But Bucher also testified the pain "is located in different places[,]" including his right foot. Bucher's testimony regarding his pain was also supported by Scott's diagnosis of a change in condition from radiculitis to

radiculopathy. Accordingly, reasonable evidence supported the ALJ's finding of an objective change.

¶16 Finally, YRC and the insurer argue insufficient evidence supported the ALJ's reliance on Scott's diagnosis of Bucher's condition as a progression from radiculitis to radiculopathy, requiring the need for additional treatment. YRC and the insurer argue Bucher's condition has been consistent with both radiculitis and radiculopathy since his case closed. Bucher, however, testified his condition changed when his pain traveled to other, previously unaffected parts of his body, like his right foot. Scott based his diagnosis of Bucher's progression from radiculitis to radiculopathy, in part, on his past treatment of Bucher, including treatment from around the time Bucher's case closed. Based on Scott's finding of Bucher's progression from radiculitis to radiculopathy, Scott recommended Bucher repeat an MRI and seek either additional epidural treatments or surgery.

¶17 The ALJ's decision to rely on Scott's diagnosis was not wholly unreasonable. *See Stainless Specialty*, 144 Ariz. at 19. The ALJ's decision was based on evidence of a change in condition—specifically, Bucher's testimony regarding a change in his symptoms and Scott's testimony regarding a new diagnosis and a recommendation for new or additional treatment. *See id.* at 20 (explaining an ALJ's finding of change in condition is properly supported when testimonial evidence supports an "evolution of medical opinion" regarding the treatment of an industrial injury).

## CONCLUSION

¶18 We affirm the ALJ's 2020 orders granting Bucher's application to reopen his claim and the subsequent decision upon review.



AMY M. WOOD • Clerk of the Court
FILED:    AA